**WUZHEN XUE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–72395.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007.*

Filed Aug. 31, 2007.

William K. Kiang, Esq., Kiang & Kiang, San Gabriel, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Rodney A. Morris, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

Wuzhen Xue, a native and citizen of China, petitions for review of the Board of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeals' ("BIA") decision, summarily affirming the Immigration Judge's ("IJ") order denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Ge v. Ashcroft*, 367 F.3d 1121, 1124 (9th Cir.2004), and we grant the petition for review and remand.

Substantial evidence does not support the IJ's adverse credibility findings. The IJ's finding that Xue's testimony was non-responsive and vague is not supported by substantial evidence. *See He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir.2003); *see also Garrovillas v. INS*, 156 F.3d 1010, 1014 (9th Cir.1998). Likewise, substantial evidence does not support the IJ's adverse credibility finding based upon an inconsistency regarding the cause of Xue's third pregnancy. *See He*, 328 F.3d at 598.

Inconsistencies as to how Xue's sister obtained medical records and how governmental authorities discovered the birth of Xue's daughter were minor and did not go to the heart of Xue's claim. *See Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000).

The IJ's adverse credibility findings based upon Xue's lack of fear of returning to China, her practice of Falun Gong in the United States, and her account of how she distributed Falun Gong materials are not supported by substantial evidence because the IJ relied upon impermissible speculation, *see Ge*, 367 F.3d at 1125, and because Xue's testimony and asylum application

were not inconsistent, *see Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000).

Accordingly, we grant the petition for review and remand the case to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**